BARFIELD, Judge.
The employer and carrier in this workers’ compensation case appeal an order awarding temporary total disability (TTD) and medical benefits and granting a petition for modification of a previous order based on a change of condition. We reverse the modification and award of future medical benefits and attorney fees, but affirm the award of temporary total disability benefits, medical bills incurred prior to the order and costs.
The claimant, who had injured her back in 1976 and had been treated since 1977 for osteoarthritis, filed a claim for TTD and medical benefits, asserting that the repetitive bending and lifting involved in her maid duties had exacerbated her back condition in 1979. A neurologist diagnosed degenerative disease of the lumbar spine, recommended a myelogram to rule out the possibility of a herniated disc, and advised her not to work until the diagnosis was confirmed. She refused the myelogram.
In a March 1981 order, the deputy commissioner found that her pre-existing degenerative condition had been aggravated *888 by the repeated trauma of her work activity and that she had not reached maximum medical improvement (MMI), and awarded TTD and medical benefits, attorney fees and costs. This order was affirmed without opinion in January 1982. One week later, a claim was filed for TTD benefits from the date of the order to MMI, wage loss thereafter, and rehabilitation benefits.
In March 1982, an orthopedic surgeon diagnosed degenerative lumbar disc disease and found that the claimant had reached MMI prior to his examination, with a 6% impairment based on limitation of motion in the lower back secondary to the pre-exist-ing degenerative disc disease, and “no concrete evidence that this pre-existing back difficulty was aggravated by the industrial injury.”
A myelogram performed by a second neurosurgeon in November 1982 ruled out a herniated disc. The neurosurgeon reported that the claimant reached MMI from the effects of the myelogram on January 17, 1983, with a normal range of motion of the lumbar spine and no evidence of permanent neurological deficit as a result of the 1979 accident. He found that she could return to her former occupation, with some restrictions on repetitive bending and lifting, and recommended a weight reducing program.
On August 11, the claim was amended to request TTD from March 1981 to January 1983, wage loss thereafter, and medical benefits. At the hearing on August 30, the wage loss request was withdrawn because it had been filed 19 days before the hearing.
In his September 1983 order, the deputy commissioner found that claimant had reached MMI by at least March 1, 1982, relying upon the orthopedist’s opinion. He found no medical evidence of TTD from the 1981 order to March 1, 1982, and denied disability benefits after that date, finding that any continuing disability was due to the normal progression of the degenerative disc disease, unrelated to the claimant’s employment at LaQuinta. He also noted in support of his conclusion that hé accepted “the consistent medical opinion” that the claimant had suffered no permanent impairment as a result of her employment.
This order was affirmed in October 1984, except for the denial of TTD for the year prior to MMI, and for the period of hospitalization for the myelogram and the recovery thereafter. In his amended order in February 1985, the deputy commissioner incorporated this court's opinion and reserved jurisdiction on the issue of attorney fees.
After the 1983 order, the claimant continued treatment for back and leg pain, and was hospitalized in December 1983 for a week of tests and epidural blocks, the neurosurgeon finding her symptomatology unchanged, with a normal range of motion of the lumbar spine and no sensory deficit. In October 1983, the employer/carrier had controverted the claim for wage loss from January to July 1983, asserting the deputy had found that the claimant suffered no permanent impairment as a result of her employment. In September 1984, a claim was filed for medical bills, most of them apparently relating to the hospitalization. A claim for TTD. related to the December 1983 hospitalization was controverted on the ground that the medical treatment was unrelated to claimant’s employment, based upon the deputy’s 1983 order and this court’s opinion.
In January 1986, the neurosurgeon had a conversation with the claimant’s attorney, who confirmed it by letter (which the neurosurgeon approved) stating that the claimant had a 5% permanent neurological impairment related to the aggravation of her pre-existing degenerative arthritis which was not assigned earlier “because of a change in her condition due to the continued progressive nature of the arthritis”. A week later, a petition for modification was filed, asserting the claimant’s entitlement to wage loss or permanent total disability (PTD) benefits based on her permanent impairment.
By deposition in December 1986, the neurosurgeon clarified his conversation with the claimant’s attorney, testifying that the claimant sustained no permanent neurological impairment, but had a 5% permanent *889 orthopedic impairment based upon the degenerative changes which were present when he first examined her in 1982 (i.e., the “same impairment” as that found by the orthopedist). He stated that there had been no changes since his 1988 and 1985 depositions, that Stanford, the orthopedist, was in a better position to compare the X-rays and express an opinion regarding the progression of her condition, and that while repeated bending may have aggravated the claimant’s condition, her weight gain has probably aggravated it.
In March 1987, a hearing was held on the claims for medical bills, authorization of physicians, TTD for the December 1983 hospitalization, and the petition for modification seeking wage loss/PTD. The employer/carrier asserted that the claimant had fully recovered from her accident with no permanent impairment attributable to it, and that her continuing back problems were due solely to her degenerative arthritis. They argued there was no basis for a modification, which was barred by the statute of limitations, and that the claimant was not entitled to wage loss because there was no permanent impairment attributable to the accident, no job search, and no wage loss claim forms filed.
In the challenged 1987 order, the deputy commissioner found that the claimant had reached MMI on March 1, 1982, from the “compensable aggravation of the pre-exist-ing back condition”, that she was entitled to TTD benefits for the 1982 and 1983 hospitalizations, that she had reached MMI from the latter hospitalization with a 5% permanent impairment due to the permanent aggravation of the pre-existing degenerative arthritis, that a changed condition (the progression of the arthritis) justified a modification of his previous order, and that the statute of limitations had not run on the amended order. He authorized physicians to treat the claimant and ordered the employer/carrier to pay the medical bills, but found that the claimant was not entitled to wage loss for the period claimed (January-July 1983) because she had failed to submit any wage loss claims or valid job searches for that period.
We find that the 1983 order did not reject a claim for wage loss, because that claim had been withdrawn. Without a wage loss claim, there was no basis for the deputy commissioner’s 1983 finding regarding permanent impairment, and the subsequent petition to modify that finding was in reality a claim for wage loss which was not barred by a statute of limitations.
Having characterized the proceeding before the deputy commissioner as an original wage loss claim rather than modification, we hold that the finding of a peman-ent impairment resulting from an industrial injury is not supported by competent substantial evidence. While the letter signed by Dr. Montoya tends to support such a finding, the doctor’s subsequent deposition testimony clearly explained away any such conclusion and deferred to the opinion of Dr. Stanford.
The finding of permanent impairment from an industrial accident is REVERSED. The award of future medical care is REVERSED. The award of temporary total disability and medical care attendant to the hospitalization and testing to determine claimant’s condition and the cause thereof are AFFIRMED. The award of costs is AFFIRMED. The finding of entitlement to attorney fees is REVERSED. The claimant’s request for appellate attorney fees is granted based upon her defense of the temporary total disability award and past medical bills. The case is REMANDED to the deputy commissioner to determine the amount of appellate attorney fees.
WENTWORTH and ZEHMER, JJ., concur.